Mid-Manhattan Physician Servs., P.C. v Dworkin (2022 NY Slip Op 04523)

Mid-Manhattan Physician Servs., P.C. v Dworkin

2022 NY Slip Op 04523

Decided on July 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 12, 2022

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 

Index No. 656478/18 Appeal No. 12957 Case No. 2019-03771 

[*1]Mid-Manhattan Physician Services, P.C., Plaintiff-Respondent,
v
Melissa Dworkin, M.D., Defendant-Appellant, Medical Liability Mutual Insurance Company, Defendant.

Nolan Heller Kaufman LLP, Albany (Justin A. Heller of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck (Leonard M. Rosenberg of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered September 4, 2019, which denied defendant Melissa Dworkin, M.D.'s motion for summary judgment on her counterclaim against plaintiff and cross claim against defendant stakeholder Medical Liability Mutual Insurance Company (MLMIC) declaring that she, as an eligible policyholder, is entitled to receive approximately $473,000 in cash consideration payable following MLMIC's demutualization and sale to National Indemnity Company, and granted the branch of plaintiff's cross motion for a judgment declaring it is entitled to the cash consideration, unanimously reversed, on the law, plaintiff's cross motion denied, defendant Dworkin's motion granted, and it is declared that defendant Dworkin, as an eligible policyholder, is entitled to receive the aforementioned cash consideration payable as a result of MLMIC's demutualization and sale, without costs.
The Court of Appeals has recently held that "when an employer pays premiums to a mutual insurance company to obtain a policy of which its employee is the policyholder, and the insurance company demutualizes, absent contrary terms in the contract of employment, insurance policy, or separate agreement, the policyholder is entitled to the proceeds from the demutualization" (Columbia Mem. Hosp. v Hinds (__NY3d __, 2022 NY Slip Op 03306, *4 [2022]).
Consequentially, defendant is entitled to the demutualization proceeds. There is no evidence of any contrary terms in the contract of employment, insurance policy, or separate agreement. In fact, defendant's employment agreement provides that "[t]he Employer agrees that it will pay or reimburse the Employee for that portion of such insurance premiums that are attributable to the period coinciding with the Term [of employment]." Plaintiff also acknowledged in a letter to MLMIC that it paid the insurance premiums "as a fringe benefit to the Physician employee."
It is irrelevant that plaintiff, who is not listed as the policy administrator in the policy, paid the policy premiums during the relevant period and acted as the policy administrator (id. at *3-4; Insurance Law § 7307 [e][3]). Matter of Schaffer, Schonholz & Drossman, LLP v Title (171 AD3d 465 [1st Dept 2019]) did not consider Insurance Law § 7307 (e)(3) or the interpretation adopted by the New York State Department of Financial Services, which are dispositive here. To the extent that Matter of Schaffer held otherwise, it has been overruled (see Columbia Mem. Hosp., 2022 NY Slip Op 03306, *1).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 12, 2022